IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Petitioner,

v.                                                                                                                                        No. 17-CV-00936-JB-SCY

DAVID JABLONSKI,

    Respondent.

### ORDER SETTING AN EVIDENTIARY HEARING AND APPOINTING COUNSEL FOR PETITIONER

**THIS MATTER** is before the Court on *pro se* Petitioner James Wilson's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody Or Fed. R. Civ. P. 60(B)(1)(4)(5)(6) (hereinafter referred to as "§ 2254 petition"), filed on September 6, 2017. [Doc. 1] Respondent David Jablonski filed a response to Petitioner's § 2254 petition on February 12, 2018 and Petitioner filed a reply on February 21, 2018. [Docs. 23, 24] This matter has been referred to the undersigned judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 22] After careful consideration of the pertinent law and all of the pleadings submitted by the parties, including attachments, exhibits and portions of the underlying criminal record, the Court concludes that an evidentiary hearing should be scheduled in this matter and counsel should be appointed to represent Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases In The United States District Courts.

**I.**     **BACKGROUND**

This case has a lengthy and complex procedural history, which will be set forth herein only to the extent necessary to resolve the issues presented in Petitioner's § 2254 petition.

Petitioner was convicted in 2011 in the Fifth Judicial District of the State of New Mexico in the following criminal cases and the following sentences were imposed:

- D-506-CR-201000213 – Larceny in violation of N.M. Stat. Ann. § 30-16-01. [Doc. 23-1 at 1 (Ex. A)]. Petitioner was sentenced to a term of eighteen (18) months of imprisonment, followed by one (1) year parole. Petitioner's sentence was suspended and he was "placed on supervised probation for a period of one (1) year and six (6) months under the supervision of the Probation and Parole Division of the New Mexico Department of Corrections." [*Id.* at 2]

- D-506-CR-201100271 – Count 1—assault with intent to commit a violent felony in violation of N.M. Stat. Ann. § 30-03-03; Count 2—aggravated fleeing a law enforcement officer in violation of N.M. Stat. Ann. § 30-22-01.1; Count 3—assault upon a peace officer in violation of N.M. Stat. Ann. § 30-22-21; Count 4—resisting, evading or obstructing an officer in violation of N.M. Stat. Ann. § 30-22-01(B); and Count 5—aggravated driving while under the influence of intoxicating liquor or any drug in violation of N.M. Stat. Ann. § 66-08-102(D)(3). [Doc. 23-1 at 58, Ex. L] Petitioner was sentenced to: Count 1—three (3) years followed by two (2) years of parole; Count 2—eighteen (18) months followed by one (1) year of parole; Count 3—three hundred sixty four (364) days; Count 4—three hundred sixty-four (364) days; and Count 5—ninety (90) days, all of which was suspended except for forty-eight (48) hours. Petitioner's sentence was ordered to be "served consecutively to the sentence imposed in Cause No. D-506-CR-201000213." [*Id.* at 60] Additionally, Counts 1 and 2 were imposed concurrently with each other, Count 3 was imposed consecutively to Count 1, Count 4 was imposed consecutively to Counts 1 and 2, and Count 5 was imposed concurrently to the sentence in Count 4, for a total term of "four (4) years, three hundred sixty-three (363) days to be followed by two (2) years on parole." [*Id.* at 60] Petitioner was ordered to serve two days in the custody of the Department of Corrections, but the remainder of his sentence was suspended. Upon completion of his term of imprisonment and release from custody, Petitioner was placed on "supervised probation for a period of five (5) years under the supervision of the Probation and Parole Division of the New Mexico Department of Corrections, which shall run concurrent with the parole term imposed." [*Id.*]

- D-506-CR-201100272 – Failure to appear on a felony in violation of N.M. Stat. Ann. § 31-03-09(A). [Doc. 23-2 at 11, Ex. W] Petitioner was sentenced to a term of eighteen (18) months, followed by one year parole, which was ordered to be served "consecutively to the sentence imposed in D-506-CR-201100271." [*Id.* at 12] Petitioner's sentence was suspended and he was "placed on supervised probation for a period of one (1) year and six (6) months under the supervision of the Probation and Parole Division of the New Mexico Department of Corrections." [*Id.*]

- D-506-CR-201100324 – Count 1—battery upon a peace officer in violation of N.M. Stat. Ann. § 30-22-24; and Count 2—criminal damage to property in violation of N.M. Stat. Ann. § 30-15-01. [Doc. 23-2 at 61, Ex. FF] Petitioner was sentenced to: Count 1—a term of eighteen (18) months, followed by one year of parole, which was enhanced by one

2

year under the habitual offender statute, N.M. Stat. Ann. § 31-18-17, and <u>Count 2</u>—a term of six (6) months. Counts 1 and 2 were imposed consecutive to each other, resulting in "a total term of three (3) years to be followed by one (1) year on parole." Petitioner's sentence was to "be served consecutively to the sentence imposed in Cause No. D-506-CR-201100272." [*Id.*]

Petitioner's probation in each of the foregoing cases was set to expire on the following dates: (1) Case No. D-506-CR-201000213—December 12, 2012 [Doc. 23-1 at 4, Ex. B]; (2) D-506-CR-201100271—September 8, 2017 [Doc. 23-1 at 64, Ex. M]; (3) D-506-CR-201100272—December 4, 2018 [Doc. 23-2 at 17, Ex. X]; and (4) D-506-CR-201100324—March 6, 2014. [Doc. 23-2 at 65, Ex. GG]

In 2013, Petitioner's probation was revoked in all four cases, resulting in amended judgments and sentences as follows:

- <u>D-506-CR-201000213</u> – a term of eighteen (18) months, followed by one (1) year of parole, which was enhanced by one (1) year under the habitual offender statute, N.M. Stat. Ann. § 31-18-17. [Doc. 23-1 at 24-25, Ex. E]

- <u>D-506-CR-201100271</u> – <u>Count 1</u>—a term of three (3) years followed by two (2) years of parole; <u>Count 2</u>—a term of eighteen (18) months, followed by one (1) year of parole; <u>Count 3</u>—a term of three hundred sixty-four (364) days; <u>Count 4</u>—a term of three hundred sixty-four (364) days; and <u>Count 5</u>—a term of ninety (90) days suspended except forty-eight (48) hours, for a "total term of four (4) years, three hundred sixty-three days (363) to be followed by two (2) years parole." [Doc. 23-1 at 80-81, Ex. P] Petitioner was ordered to "serve two (2) days of this sentence in the custody of the New Mexico Department of Corrections to be followed by a term of two (2) years on parole under the supervision of the Probation and Parole Division of the New Mexico Corrections Department." [*Id.*] The remainder of Petitioner's sentence was suspended. Upon completion of Petitioner's term of imprisonment and release from custody, Petitioner was placed on supervised probation for a period of five (5) years, concurrent with his parole term. [*Id.*]

- <u>D-506-CR-201100272</u> – a term of eighteen (18) months, followed by one (1) year parole, enhanced by one (1) year under the habitual offender statute, N.M. Stat. Ann. § 31-18-17. [Doc. 23-2 at 27, Ex. Z]

- <u>D-506-CR-201100324</u> – <u>Count 1</u> – a term of eighteen (18) months, followed by one (1) year parole, enhanced by one (1) year under the habitual offender statute, N.M. Stat. Ann. § 31-18-17; and Count 2 – a term of six (6) months, the sentences to be served concurrently. [Doc. 23-2 at 85, Ex. JJ]

3

On September 23, 2015, Corrected Orders Revoking Probation and Imposing Judgment and Sentence were filed in case numbers D-506-CR-201100271 and D-506-CR-201100324. [*See* Doc. 23-1 at 85-89, Ex. Q and Doc. 23-2 at 88-90, Ex. KK] The corrected order in case number D-506-CR-201100271 required Defendant to serve his full sentence[1] (rather than suspending all but two days of his sentence) and provided that "[t]he sentence imposed in this case shall be served consecutively to the sentence imposed in Cause No. D-506-CR-201000213." [Doc. 23-1 at 87] The corrected order further provided for certain counts to be served concurrently with or consecutively to other counts in the case.[2] The corrected order in D-506-CR-201100324 specified that Counts 1 and 2 are to "be served consecutively" and provided that "[t]he sentence imposed in this case shall be served consecutively to the sentence imposed in Cause No. D-506-CR-201100272." [Doc. 23-2 at 89]

On April 27, 2016, the 2013 Order Revoking Probation and Imposing Judgment and Sentence in case number D-506-CR-2010-213 was declared void because Petitioner's "probation expired prior to the entry of the Order revoking same." [Doc. 23-1 at 34, Ex. G] Soon thereafter, on May 20, 2016, the Court entered amended orders in Petitioner's three other criminal cases, which were the same as the prior orders, with the following exceptions:

- D-506-CR-201100271— Petitioner's pre-sentence confinement credit was calculated differently, because he began serving his sentence on "November 6, 2012, the date the

---

[1] The Corrected Order provided for pre-sentence confinement credit of three hundred forty three (343) days and credit for the time when Petitioner was placed on probation until he was sentenced on the Petition To Revoke Probation, for a total credit of one hundred thirty nine (139) days. [Doc. 23-1 at 87-88] Petitioner also received credit "for any post-sentence confinement served after April 29, 2013, and prior to the filing of [the] order." [*Id.*]

[2] The Corrected Order provides as follows:
> The sentence imposed as to Count 1 and 2 shall be served concurrently with each other. The sentence imposed as to Count 3 shall be served consecutively to the sentence imposed in Count 1. The sentence imposed as to Count 4 shall be served consecutively to the sentence to the sentence imposed in Count 1 and Count 3. The sentence imposed as to Count 5 shall be served concurrently to the sentence imposed in Count 4. [Doc. 23-1 at 87]

4

[Petitioner's] probation expired in Cause No. D-506-CR-201000213." [Doc. 23-1 at 92, Ex. R]

- <u>D-506-CR-201100272</u> – Petitioner's sentence of eighteen (18) months followed by one (1) year of parole was not enhanced by the habitual offender statute and Petitioner's pre-sentence confinement credit was calculated differently.[3] Additionally, the amended order provides that "[t]he sentence imposed in this case shall be served consecutively to the sentence imposed in Cause No. D-506-CR-2011-00271." [Doc. 23-2 at 31, Ex. AA]

- <u>D-506-CR-201100324</u> – Petitioner's pre-sentence confinement credit was calculated differently.[4]

---

[3] The Court's May 13, 2013 Order Revoking Probation and Imposing Judgment and Sentence provided as follows:
> The Defendant shall receive pre-sentence confinement credit from June 26, 2011, the date of the Defendant's arrest on the original charge, through September 26, 2011, the date of the Defendant's release on bond, for ninety three (93) days; and October 19, 2012, the date the Defendant was served on the probation violation, through April 29, 2013, for one hundred ninety (193) days. The Defendant shall further receive credit from December 12, 2012, the date the Defendant was placed on probation, through April 29, 2013, the date the Defendant was sentenced on the Petition to Revoke Probation filed on September 14, 2012, for a total credit one hundred thirty (139) days. The Defendant shall further receive credit for any post-sentence confinement served after, and prior to the filing of this order.

[Doc. 23-2 at 27, Ex. Z] The May 20, 2016 Amended Order Revoking Probation and Imposing Judgment and Sentence, however, provided only for ninety-three days of pre-sentence confinement credit for the time between "June 26, 2011, the date of the Defendant's arrest on the original charge, through September 26, 2011, the date the Defendant's release on bond." [Doc. 23-2 at 31, Ex. AA]

[4] The Court's September 23, 2015 Corrected Order Revoking Probation and Imposing Judgment and Sentence provided as follows:
> The Defendant shall receive pre-sentence confinement credit from January 2, 2011, the date of the Defendant's arrest on the original charge, through April 2, 2011, the date of the Defendant's release on bond for a total of ninety-one (91) days; and November 2, 2011, the date the Defendant was placed back into custody, through November 21, 2011, the date the Defendant was transported to the penitentiary for twenty (20) days. The Defendant shall further receive credit from December 12, 2012, the date the Defendant was placed on probation, through April 29, 2013, the date the Defendant was sentenced on the Petition to Revoke Probation filed on September 14, 2012, for a total credit of one hundred thirty-nine (139) days. The Defendant shall further receive credit for any post-sentence confinement served after and prior to the filing of this Order.

[Doc. 23-2 at 89-90, Ex. KK] The May 20, 2016 Second Corrected Order Revoking Probation And Imposing Judgment And Sentence provides, however, as follows:
> The Defendant shall receive pre-sentence confinement credit from January 2, 2011, the date of the Defendant's arrest on the original charge, through April 2, 2011, the date of the Defendant's release on bond for a total of ninety-one (91) days; and November 2, 2011, the date the Defendant was placed back into custody, through November 21, 2011, the date the Defendant was transported to the penitentiary for twenty (20) days. The Defendant shall further receive credit for any post-sentence confinement served after and prior to the filing of this Order.

On June 13, 2016, Petitioner filed a Notice of Appeal in the New Mexico Court of Appeals, challenging the May 20, 2016 Orders in case numbers D-506-CR-201100271, D-506-CR-201100272, and D-506-CR-201100324. [Doc. 23-1 at 94, Ex. S; Doc. 23-2, Ex. BB; Doc. 23-2 at 95, Ex. MM] The New Mexico Court of Appeals observed that Petitioner's claims that "his presentence confinement credit has been erroneously calculated, that he had finished serving his sentence in each of the above cases prior to the revocation of his probation, and that the district court therefore lost jurisdiction to revoke his probation and Defendant should accordingly be immediately released from confinement . . . are either express petitions for writs of habeas corpus filed pursuant to Rule 5-802 NMRA, or should be construed as such." [Doc. 23-2 at 116, Ex. PP] Because the New Mexico Court of Appeals "does not have subject matter jurisdiction to hear appeals from district court orders denying habeas-corpus petitions," the Court of Appeals transferred "the entire file to the Supreme Court." [*Id.*] The New Mexico Supreme Court accepted the transfer and treated Petitioner's docketing statements "as a consolidated petition for a writ of certiorari under Rule 12-501." [Doc. 23-2 at 117-18, Ex. QQ]

While Petitioner's consolidated petition for writ of certiorari was pending in the New Mexico Supreme Court, Petitioner filed an Application For Emergency Temporary Restraining Order in the First Judicial District Court of the State of New Mexico, requesting immediate release from custody because the New Mexico Department of Corrections allegedly was detaining Petitioner illegally "by orders that were filed in contravention to the New Mexico Constitution, Article II, §§ 15 and 18 and NMSA 1978, § 30-1-10." [Doc. 23-4 at 14-15, Ex. VV] Petitioner also filed a tort complaint in the First Judicial District Court of the State of New Mexico, alleging that his "cases were all fully served" and the May 20, 2016 orders violate

---

[Doc. 23-2 at 93-94, Ex. LL]

Petitioner's right "against being punished from the same crime twice." [Doc. 23-4 at 17-23, Ex. XX] Lastly, Petitioner filed an "Emergency Petition for Writ of Prohibition" in the New Mexico Supreme Court, challenging the May 20, 2016 Orders in case numbers D-506-CR-201100271, D-506-CR-201100272, and D-506-CR-201100324 because : (1) "the trial court's jurisdiction already was at an end"; (2) his sentences "had been fully served and the court's jurisdiction was at an end"; (3) the trial court's orders were "outside the jurisdiction of NMRA Rule 5-802"; and (4) Petitioner's sentences "had been fully served and expired, prior to the revocation" of his probation and, as such, the trial "court's jurisdiction was at an end." [Doc. 23-3 at 6-7]

In light of Petitioner's numerous pro se filings, the State of New Mexico moved the New Mexico Supreme Court "to enter an order prohibiting Petitioner from filing any further pro se pleadings attacking his presentence confinement credit, his probation revocation, and the amended judgments and sentences in his three underlying district court cases." [Ex. 23-4 at 1, Ex. SS] Additionally, in response to Petitioner's consolidated petition for writ of certiorari in the New Mexico Supreme Court, the State of New Mexico stated that Petitioner's "claims and times overlap and are not easily untangled in the present pleadings." [Doc. 23-4 at 8, Ex. TT] Rather than attempting to untangle Petitioner's claims or address them on the merits, the State of New Mexico argued "that the appropriate course of action" was to "allow the First Judicial District Court to evaluate and dispose of" Petitioner's Application For Emergency Temporary Restraining Order and tort complaint, "to enter an order prohibiting Petitioner from any future filings on the issue, and to hold the current petition for writ of certiorari in abeyance or to dismiss it as premature." [Doc. 23-4 at 10, Ex. TT] On November 13, 2017, the New Mexico Supreme Court summarily denied Petitioner's petition for writ of certiorari and petition for writ of prohibition and granted the State of New Mexico's "motion to prohibit petitioner from any

further pro se filings in any New Mexico court on the issue of his probation revocation and presentence confinement credit." [Doc. 23-4 at 12-13, Ex. UU]

On September 6, 2017, Petitioner filed the present § 2254 petition, which challenges the May 20, 2016 orders revoking his probation and imposing judgment in case numbers D-506-CR-201100271, D-506-CR-201100272, and D-506-CR-201100324. [Doc. 1] Petitioner's § 2254 petition raises the following questions for the Court's review:

> 1. "Whether the trial court erred in filing new orders on May 20, 2016, after the trial court's jurisdiction over the Petitioner was at an end, in violation of his protections against double jeopardy."
>
> 2. "Whether the trial court erred in refusing to award presentence credit actually served in the New Mexico Corrections Department, as well as credit mandated by New Mexico Legislature."
>
> 3. "Whether the trial court erred in adjudicating a petition for writ of habeas corpus NMRA Rule 5-802, after this case had been fully served, to include parole."
>
> 4. "Whether the trial court erred in correcting and amending these sentences outside of NMRA Rule 5-802."
>
> 5. "Whether the trial court erred in violating the Petitioner's probation after it had expired."

[Doc. 1 at 8] Attached to Petitioner's § 2254 petition are numerous filings in his underlying criminal cases, good time figuring sheets, quarterly good time sheets, and a memorandum dated September 30, 2015 from Lia Archuleta, Records Manager for Offender Management Services of the New Mexico Department of Corrections. [Doc. 1-1 at 100, Ex. FF] Ms. Archuleta's memorandum provides as follows:

> We received corrected revocations for CR 201100271 and 201100324:
>
> CR 201100271 was corrected to state that all counts would run consecutive to each other and consecutive to 201000213 sentence. The habitual offender was omitted from the 3rd degree felony. Total sentence for 201100271 is 4 years 11 months 28 days (3

> years is SVO time) credits of 1 year 3 months and 27 days is applied to the 3 year svo.
>
> At this time all of your sentences, except for 201100271 are served.
>
> PRD to discharge on CR201100271 is May 18, 2016 assuming you will receive all of your good time from Ma[y] 2015 forward.
>
> CR201100324: served as of April 12, 2015
>
> CR201000213: served as of May 2, 2014 (this includes 1 year parole being served)
>
> CR201100272: served prior to being received at NMCD.

[*Id.*]

Respondent timely filed an answer to Petitioner's § 2254 petition after the Court denied his motion to hold the case in abeyance or, alternatively, to dismiss it without prejudice for failure to exhaust state remedies.[5] [Doc. 23] Respondent "does not dispute that [Petitioner] has exhausted available state court remedies as to all five questions presented" in his § 2254 petition. [Doc. 23 at 8] Nonetheless, Respondent asks the Court to dismiss Petitioner's § 2254 petition with prejudice because four of Petitioner's claims challenge "the manner in which presentence credit is applied" and rely "solely on state-law rules and statutes" and such claims "are not cognizable in a federal habeas proceeding." [Doc. 23 at 13-14] Respondent concedes that Petitioner's remaining claim, which alleges that Petitioner had fully served each of his sentences prior to the May 20, 2016 orders revoking probation and imposing sentence, properly is pursued in this federal habeas proceeding because it "raises a double-jeopardy claim inasmuch as Mr.

---

[5] Respondent moved to hold this case in abeyance "pending review of the petition in accordance with the filing restrictions laid out by Chief United States District Judge M. Christina Armijo in *James Wilson v. County of Lea*, No. CIV-16-328 MCA/GBW (D.N.M.)." [Doc. 9 at 1] Alternatively, Respondent moved to dismiss this case without prejudice for failure to exhaust state remedies because the questions presented in Petitioner's § 2254 petition were pending before the New Mexico Supreme Court. [Doc. 9 at 1] The Court denied Respondent's motion because "the New Mexico Supreme Court previously has denied relief on at least two of Petitioner's claims in D-506-CR-2011-00271." [Doc. 10 at 6] The Court ordered Respondent to "file an answer to the § 2254 Petition that addresses, *inter alia*, whether Petitioner has exhausted his state court remedies with respect to each of his five individual claims in D-506-CR-2011-00271, D-506-CR-2011-0272, and D-506-CR-2011-00324." [*Id.* at 6-7]

Wilson contends that he is now being made to re-serve terms of imprisonment he already has discharged." [Doc. 23 at 14] Nonetheless, Respondent asks the Court to dismiss Petitioner's double-jeopardy claim with prejudice because Petitioner did not have a legitimate expectation of finality in his three sentences, since those sentences were not yet fully served when their corresponding judgments were modified. [Doc. 23 at 20] In support of this contention, Respondent relies on an e-mail dated February 8, 2018 from Sandra A. Moya, Records Manager Specialists for Offender Management Services, which states that "the original memo that was sent to you regarding [Petitioner's] discharge date by Lia Archuleta" should be disregarded, because it was "sent prior to receiving the corrected judgments." [Doc. 23-4 at 65, Ex. ZZ] According to Ms. Moya's e-mail, Petitioner's discharge dates, in light of the corrected judgments, are as follows:

> D-506-CR-201100271 – Petitioner started serving this sentence on April 30, 2013 and with good time, all counts were discharged on February 17, 2017.
>
> D-506-CR-201100272—Petitioner started serving this sentence on February 17, 2017 and with good time this sentence will be discharged on April 7, 2018.
>
> D-506-CR-201100324—Petitioner started serving this sentence on October 7, 2017 and with good time this sentence will be discharged on September 11, 2019.

[*Id.* at 65-55] Alternatively, if the Court concludes that the issues raised in Petitioner's § 2254 petition cannot be resolved on the record, Respondent "requests the Court to appoint counsel to represent Mr. Wilson during an evidentiary hearing to settle the matters of Mr. Wilson's probation revocation and presentence confinement credits as they bear on his argument that he is confined in violation of his right to be free from double jeopardy." [Doc. 23 at 21]

In his reply brief filed on February 21, 2018, Petitioner contends that he had a legitimate expectation in the finality of his sentences because he had completed the service of his sentences

prior to the entry of the May 20, 2016 orders. [Doc. 24] In support of this contention, Petitioner relies on his good-time configuring sheets as well as the September 30, 2015 memorandum from Ms. Archuleta. [Doc. 24]

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "the appropriate standard of review for a particular claim hinges on the treatment of that claim by the state courts." *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001). If the state court did not decide the claim on the merits and the claim "is not procedurally barred, the district court then decides the issue in the first instance." *Fairchild v. Trammell*, 784 F.3d 702, 712 (10th Cir. 2015); *see also Stouffer v. Duckworth*, 825 F.3d 1167, 1179 (10th Cir. 2016) ("[I]f the state court did not decide the claim on the merits, the stringent principles of deference under 28 U.S.C. § 2254 are inapplicable.") (quotation marks omitted)), *cert. denied*, ––– U.S. ––––, 137 S.Ct. 1226 (2017). "If a claim was adjudicated on its merits by the state courts," however, "the petitioner will be entitled to federal habeas relief only if he can establish that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1), or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *McCracken*, 268 F.3d at 975.

A state court's decision is "on the merits" even when it denies a petitioner's claim "without an accompanying statement of reasons." *Harrington v. Richter*, 562 U.S. 86, 92 (2011). Indeed, "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. "The presumption

11

may be overcome," however, "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 99-100.

In the present case, the New Mexico Supreme Court did not provide an accompanying statement of reasons for the denial of Petitioner's consolidated petition for writ of certiorari under Rule 12-501 NMRA. [*See* Doc. 23-4 at 12-13, Ex. UU] Nonetheless, the Court must presume that the New Mexico Supreme Court adjudicated Petitioner's claims on the merits "unless there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 99-100. After reviewing the state court record provided by Respondent, the Court concludes that the most likely explanation for the New Mexico Supreme Court's summary denial of Petitioner's claims is because it followed the State of New Mexico's recommendation for "the appropriate course of action," which was "to allow the First Judicial District Court to evaluate and dispose of the current pleadings, to enter an order prohibiting any future filings on the issue, and to hold the current petition for writ of certiorari in abeyance or to dismiss it as premature." [Doc. 23-4 at 10] Indeed, the Court notes that the New Mexico Supreme Court not only dismissed Petitioner's claims, but also prohibited Petitioner "from any further pro se filings in any New Mexico court on the issue of his probation revocation and presentence confinement credit" as explicitly requested by the State of New Mexico. [*Id.* at 13] Therefore, the Court concludes that the presumption of an adjudication on the merits has been rebutted and will review Petitioner's § 2254 claims *de novo*.

Petitioner's main contention is that the May 20, 2016 orders revoking his probation and imposing judgment in case numbers D-506-CR-201100271, D-506-CR-201100272, and D-506-CR-201100324 were entered after he had completed the service of his sentences, in violation of his right to be free from double jeopardy. In *Warnick v. Booher*, 425 F.3d 842 (10th Cir. 2005),

12

the United States Court of Appeals for the Tenth Circuit considered whether a reduction in Mr. Warnick's good-time credits after the completion of his "six-year sentence violated double-jeopardy principles because it took place after he had fully served [his] sentence." *Id.* at 846. The Circuit Court noted that the double jeopardy clause of the United States Constitution, which is applicable to the states through the Fourteenth Amendment, "imposes limits on sentence adjustments" even when those adjustments comply with the state's sentencing statutes. *Id.* at 847. "[O]ne necessary condition for a violation of the clause on this ground" is that the "adjustment violate a legitimate expectation of the defendant in the finality of his sentence." *Id.* at 848. In determining whether a petitioner had a legitimate expectation of finality in his sentence, the district court must examine two issues: (1) whether state law, (i.e., "constitution, statutes, regulations, and case law") forbids the sentencing adjustment; and (2) "if not whether there has been an event," such as an acquittal, that gave the petitioner a "legitimate expectation of finality as a matter of federal constitutional law, state law to the contrary notwithstanding." *Id.*

As to the second issue, the Circuit Court noted "that that the federal constitution apparently creates only modest legitimate expectations (aside from the expectation of finality in an acquittal)." *Id.* For example, "the pronouncement of sentence in itself does not give a prisoner a legitimate expectation of finality." *Id.* Indeed, the Circuit Court recognized that it had:

> suggested years ago that errors in measuring the execution of a sentence could be corrected at any time. In a case in which a prisoner was freed several years early because of an error in the prison records, we pronounced the dictum that there could be "no doubt of the power of the government to recommit a prisoner who is released or discharged by mistake, where his sentence would not have expired if he had remained in confinement." *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir.1930). If the government can recommit even a prisoner whom it freed, then surely it can recommit one that remains in prison—particularly when it is realized that to "recommit" in the latter case is simply to reclassify certain days of imprisonment as belonging to one consecutive

13

> sentence rather than another. On the other hand, the Fourth Circuit
> has held that it violated the Double Jeopardy Clause to increase
> sentences that had already been served even though they had been
> served concurrently with a sentence on which the prisoner was still
> confined. *See United States v. Silvers*, 90 F.3d 95, 101–02 (4th
> Cir.1996).

*Id.* The Circuit Court left "it to the district court in the first instance to resolve the issue" and remanded Mr. Warnick's case to the district court. *Id.* at 899.

Respondent concedes that, "[a]rguably, on May 20, 2016 Mr. Wilson was positioned to have a legitimate expectation of finality in the one sentence—D-506-CR-201000213—that he had fully discharged as of that date." [Doc. 23 at 20] Respondent contends, however, that Petitioner could not "possibly have had a *legitimate* expectation of finality" in his other three sentences because they "were not yet served when their corresponding judgments were modified." [Doc. 23 at 20 (expectation in original)] This contention, however, is not supported by the state court record. According to Ms. Lia Archuleta's September 30, 2015 memorandum, Petitioner had completed the service of his sentence on D-506-CR-201100324 "as of April 12, 2015" and had completed the service of his sentence on D-506-CR-201100272 "prior to being received at NMCD." [Doc. 1-1 at 100] Additionally, Petitioner was scheduled to complete the service of his sentence in D-506-CR-201100271 on May 18, 2016, assuming that he received all of his good time credit. [*Id.*] Nothing in Ms. Moya's February 8, 2018 e-mail contradicts Ms. Archuleta's memorandum. Instead, Ms. Moya instructs that Ms. Archuleta's memorandum should be "disregard[ed]" because it was sent "prior to receiving the corrected judgments" on May 20, 2016. [Doc. 23-4 at 65] Thus, it appears from the state court record that Petitioner had completed the service of at least two of his sentences, and perhaps even three, prior to the entry of the challenged May 20, 2016 orders.

The Court finds that Petitioner diligently pursued his claims in state court and that he has made a *prima facie* showing that the May 20, 2016 orders implicated his right to be free from double jeopardy.[6] Because there is a factual dispute between the parties regarding the precise date on which Petitioner completed serving each of his three sentences, an evidentiary hearing is required. *See Hanson v. Sherrod*, 797 F.3d 810, 836 (10th Cir. 2015) ("A habeas petitioner can obtain an evidentiary hearing in federal court by (1) showing he was diligent in developing the factual basis for his claim in state court ...; and (2) asserting a factual basis that, if true, would entitle him to habeas relief. . . . If the petitioner has exercised diligence in developing the factual basis for his claim, his request for an evidentiary hearing may be assessed under less-rigorous pre-AEDPA standards." (internal quotation marks and citations omitted)). Therefore, the court will grant Respondent's request to schedule "an evidentiary hearing to settle the matters of Mr. Wilson's probation revocation and presentence confinement credits as they bear on his argument that he is confined in violation of his right to be free from double jeopardy." [Doc. 23 at 21]

Rule 8(c) of the Rules Governing Section 2254 Cases In The United States District Courts provides that, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A" and "must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." Rule 8(c). Therefore, in accordance with Rule 8(c), the Court will appoint counsel to represent Petitioner.

## III. CONCLUSION

---

[6] The Court expresses no opinion at this time whether the recommitment of Petitioner after the expiration of his sentences violated the double jeopardy clause. The Court simply notes that Petitioner has made a *prima facie* showing that the May 20, 2016 orders implicated his right to be free from double jeopardy. *See Warnick*, 425 F.3d at 846 (holding that "the *timing* of adjustments to a defendant's term of confinement has double-jeopardy implications" if it "comes at a time that violates the defendant's legitimate expectation of finality") (emphasis in original).

15

**IT IS THEREFORE ORDERED** that an evidentiary hearing be scheduled by separate order on Petitioner's § 2254 petition;

**IT IS FURTHER ORDERED** that an attorney from the CJA panel be appointed to represent Petitioner in this habeas proceeding.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE